MARJORIE POST HUTTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6873.  Promulgated May 31, 1928.

*John E. McClure, Esq.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.

OPINION.

TRAMMELL: The petitioner contends that her net income should be computed in accordance with the method of accounting regularly employed in keeping her books and that since she regularly deducted commissions paid in the purchase of securities, her tax liability should be determined upon that basis in accordance with section 212 (b) of the Revenue Act of 1921. In our opinion, however, section 212 (b), while recognizing different systems of accounting and providing that the tax shall be computed in accordance with the method of accounting regularly employed by the taxpayer in keeping its books, provided such method clearly reflects the income, does not go so far as to permit taxpayers to charge to expense capital expenditures or to capitalize ordinary and necessary business expenses. Section 212 (b) must be read in connection with and in the light of the other provisions of the Revenue Act. The statute makes specific provision for the deducting of ordinary and necessary expenses and makes no provision for the deduction of capital expenditures in determining taxable income for the taxable year. If an expenditure is capital in its nature, section 212 (b) does not authorize such a method of accounting as will permit the deduction as expense of such expenditures in determining taxable income. A method of accounting which undertakes to treat capital expenditures as expense or ordinary and necessary expense as capital transactions does not clearly reflect the income in contemplation of the statute.

The question here is whether the commission paid in the purchase of securities is a capital expenditure or an ordinary and necessary expense. The petitioner, in his oral argument, devoted his entire time to the question as to the method of keeping books and accounts without regard to whether the items were capital or expense. In our opinion, the commissions paid for the purchase of securities are just as much a part of the cost thereof as the purchase price itself. The purchase price and the commission added together is what the securities cost the petitioner.

We have held that commissions paid in the acquisition of leases form a part of the cost thereof and may not be deducted as ordinary and necessary expenses in the year in which paid. *D. N. & E. Walter & Co.*, 4 B. T. A. 142; *Crompton Building Corporation*, 2 B. T. A. 1056.

It seems to us that the situation in connection with the acquisition of the lease is analogous to the acquisition of securities and that

what is required to be paid in order to acquire either is a part of the purchase price thereof and not an expense.

While the petition states that the year 1920 is involved in this proceeding, it appears that there was no deficiency asserted for that year and the proceeding is, therefore, dismissed for that year. *Cornelius Cotton Mills*, 4 B. T. A. 255.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*